UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOHNSON,                      Case No. 11-cv-01284
                                                   Hon. Janet T. Neff

    Plaintiff,

v.

BANK OF AMERICA CORPORATION,

    Defendant.

---

**DEFENDANT BANK OF AMERICA, N.A.'S REQUEST FOR
PRE-MOTION CONFERENCE AND EXTENSION OF TIME**

Defendant, Bank of America, N.A.[1] ("BANA"), pursuant to Honorable Janet T. Neff's Guidelines IV(A)(1)(a)-(c), requests a Pre-Motion Conference and extension of time to file its first responsive pleading in the form of a Motion To Dismiss.

In accordance with Fed. Rule Civ. P. 12(b)(6), BANA has elected to file a Motion to Dismiss as its first responsive pleading, moving the Court to dismiss Plaintiff's Complaint ("Complaint", Docket No. 1) in its entirety. The Complaint consists of six counts: (1) Breach of Express Contract; (2) Unlawful Interference With Business Opportunities of Plaintiff; (3) Quantum Meruit – Unjust Enrichment; (4) Fraudulent Misrepresentation; (5) Negligent Misrepresentation; and (6) Equitable Relief / Injunction. All of Plaintiff's claims arise out of allegations that BANA purportedly charged excessive fees in relation to flood insurance premiums and real estate taxes associated with five separate mortgage loans, secured by five separate properties.[2] As summarized in part below, and detailed in BANA's Motion to Dismiss,

---

[1] Bank of America Corporation was erroneously named as the sole defendant in this action. Bank of America, N.A., as servicer of the loans at issue, is the proper party to respond to the Complaint.

[2] The real property offered as collateral for the five loans are commonly known as 2017 Lake Street, 2020 Lake Street, 2033 Lake Street, 2245 First Avenue, and 649 Tennis, all located in Holland, Michigan, 49424 (the

1202514 v1/11225.0162/DTY

the pleadings and documents of public record reflect that all of Plaintiff's claims are unsupported by fact and/or are without legal merit.

### SUMMARY OF GROUNDS FOR THE MOTION TO DISMISS

**I.  Plaintiff's Tort Claims Are Barred by the Economic Loss Doctrine and Otherwise Fail as a Matter of Law.**

Plaintiff's Unlawful Interference with Business Opportunities ("UIBO"), Fraudulent Misrepresentation, and Negligent Misrepresentation claims are barred by the Economic Loss Doctrine because there are express, written contracts between Plaintiff and BANA (*i.e.* the Mortgages) which govern BANA's obligations with respect to the handling of late fees and assessment of insurance fees.[3]  Further, Plaintiff cannot support a claim of UIBO because BANA's actions were motivated by legitimate business reasons and, therefore, its actions would not constitute improper motive or interference under Michigan law.[4]  Finally, Plaintiff's fraud/misrepresentation claims fail because they are not pled with the particularity required under Fed. Civ. Rule P. 9(b).

**II.  Plaintiff Cannot Assert a Claim for Quantum Meruit/Unjust Enrichment**

Plaintiff's quantum meruit claim is barred because: (1) Plaintiff has failed to plead the required elements,[5] specifically, Plaintiff has failed to plead what benefit BANA received from Plaintiff; and, <u>more importantly</u>, (2) a contract cannot be implied by the Court where, as here, there is an express contract in force between the parties which covers the same subject.[6]

**III.  The Breach Of Contract Claim is Insufficiently Pled and Barred by Plaintiff's Prior Material Breach.**

---

"Properties").  While the loan amounts vary, the mortgages offered to secure the loans (the "Mortgages") are identical as to the terms and provisions.  Further, the Complaint does not differentiate as to which allegations apply to which of the Mortgages/Properties.
[3] *Rinaldo's Construction Corp v Michigan Bell Tel Co*, 454 Mich. 65, 84; 559 N.W.2d 647 (1997).
[4] *Mino v. Clio School Dist.*, 255 Mich. App. 60, 78; 661 N.W.2d 586 (Mich. Ct. App. 2003).
[5] *Michigan Education Employees Mutual Ins Co v Morris,* 460 Mich. 180, 198; 596 N.W.2d 142 (1999).
[6] *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 194, 729 N.W.2d 898, 903 (2006).

Plaintiff has failed to sufficiently plead a cause of action for breach of contract by failing to identify the contract provision he believes was breached, as required under Michigan law.[7] Even if Plaintiff had properly pled the breach of contract claim, his claim is barred by his prior material breach of the Notes and Mortgages by failing to make timely payments and failing to pay the property taxes on two of the Properties.[8]

### IV. Equitable Relief/Injunction is Not A Cause of Action and The Relief Requested Is Barred by Plaintiff's Unclean Hands.

Plaintiff's claim of equitable relief/injunction is not a cause of action but a remedy, and must be dismissed.[9] Further, Plaintiff's request for permanent injunctive relief due to some unidentified "unlawful activities," also fails because Plaintiff has unclean hands by failing to make timely payments and failing to pay the property taxes as required under the Mortgages.[10]

### REQUEST FOR EXTENSION OF TIME

Pursuant to Guideline IV(A)(1)(c), BANA requests that this Court extend the deadline for filing its first responsive pleading to allow for the filing of its Motion to Dismiss upon completion of the Pre-Motion Conference requested herein.

                                                           /s/ Dawn T. Yeaton  
                                                           Martin S. Frenkel (P49283)  
                                                           Dawn T. Yeaton (P73486)  
                                                           Maddin, Hauser, Wartell, Roth & Heller, P.C.  
                                                           Attorney for Bank of America, N.A.  
                                                           28400 Northwestern Highway, Third Floor  
                                                           Southfield, MI 48034  
                                                           Email: dty@maddinhauser.com  
Dated: March 14, 2012                         (248) 354-4030

---

[7] *Hudson v. Lorence*, 2010 WL 3719315, *3 (Mich. App. September 23, 2010).  
[8] *Tawfik v. BAC Home Loans Servicing, LP*, 2011 WL 6181441, *3 (E.D. Mich. December 13, 2011).  
[9] *Id.* (citing *Terlecki v. Stewart,* 278 Mich.App. 644, 754 N.W.2d 899, 902 (Mich. Ct. App. 2008).  
[10] *Mudge v. Macomb County*, 458 Mich. 87, 109 (n. 23), 580 N.W.2d 845 (1998); *Yuille v. American Home Mortg. Serv, Inc.,* 2010 WL 4260890 (E.D. Mich., Oct. 25, 2010), at *9.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to: T. Michael Doyle.

                                                  */s/ Dawn T. Yeaton*
                                                Martin S. Frenkel  (P49283)
                                                Dawn T. Yeaton (P73486)
                                                Maddin, Hauser, Wartell, Roth   & Heller, P.C.
                                                Attorney for Bank of America, N.A.
                                                28400 Northwestern Highway, Third Floor
                                                Southfield, MI 48034
                                                Email:  dty@maddinhauser.com
Dated: March 14, 2012                  (248) 354-4030

1202514 v1/11225.0162/DTY